UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARVIS SANTIESTEBAN,

Petitioner,

v. Case No: 5:24-cv-230-JSS-PRL

WARDEN, FCC COLEMAN - CAMP,

Respondent.
___________________________________/

## ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Petitioner contends that his due process right was violated during a prison disciplinary hearing. (*Id.* at 6.) As relief, Petitioner asks the court to order Respondent to expunge the incident report and restore 41 days of good time credit. (*Id.* at 7.) Respondent opposes the petition. (Dkt. 7.) An evidentiary hearing is unnecessary because Petitioner's claim requires no further factual development. *See Hernandez v. United States*, 778 F.3d 1230, 1232 (11th Cir. 2015); *Turner v. Crosby*, 339 F.3d 1247, 1274–75 (11th Cir. 2003). For the reasons outlined below, the petition for a writ of habeas corpus is denied.

## BACKGROUND

Petitioner is serving a federal criminal sentence at the Federal Correctional Complex in Coleman, Florida. (Dkt. 1 at 1.) On October 3, 2023, a prison official "conducting rounds" observed Petitioner sitting on his bed with a cell phone in his

hand. (Dkt. 1 at 22–23, 25; Dkt. 7-1 at 7, 16–17.) Petitioner complied with the official's order to surrender the cell phone and submitted to a "pat search[.]" (Dkt. 1 at 23, 25; Dkt. 7-1 at 7, 17.) Petitioner was charged with a disciplinary infraction for possessing the cell phone. (Dkt. 1 at 23; Dkt. 7-1 at 7.)

An incident report was drafted on October 3, 2023. (Dkt. 1 at 25; Dkt. 7-1 at 7.) A Unit Discipline Committee (UDC) hearing was held on October 9, 2023, during which Petitioner admitted to possessing the cell phone. (Dkt. 1 at 23; Dkt. 7-1 at 8, 17.) The matter was referred to a Discipline Hearing Officer (DHO) because of the severity of the charge. (Dkt. 7-1 at 8.) On the same day, Petitioner executed a Notice of Discipline Hearing form waiving his right to call witnesses and have a staff representative present at the DHO hearing. (*Id.* at 11.) Petitioner also executed an Inmate Rights at Discipline Hearing form indicating that he understood his right to have a written copy of the charge against him, have a staff member representative, call witnesses, present a statement or remain silent, be present at the discipline hearing, be advised of the DHO's decision, and appeal the DHO's decision. (*Id.* at 13.)

The DHO hearing was held on October 13, 2023. (Dkt. 1 at 21; Dkt. 7-1 at 15.) Petitioner was advised of his rights, waived his right to a witness or a staff representative, did not present any evidence, and admitted to possessing the cell phone. (Dkt. 1 at 21–23; Dkt. 7-1 at 15–17.) Petitioner was found guilty of the infraction and disallowed 41 days of good conduct time. (Dkt. 1 at 22–23; Dkt. 7-1 at 16–17.) A copy of the DHO report specifying the reasons for the DHO's decision—Petitioner's admission, the prison official's eyewitness account, and the photograph of

the phone—was delivered to Petitioner on October 20, 2023. (Dkt. 1 at 22–24; Dkt. 7-1 at 16–18.)

## LEGAL STANDARDS

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in" a criminal proceeding do not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted). "Whe[n] a prison disciplinary hearing may result in the loss of good time credits," an inmate must receive: (1) written notice of the claimed violation at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for any disciplinary action. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). The notice requirement is satisfied by a writing that states: (1) the disciplinary charges, (2) the date of the alleged defense, and (3) the facts necessary to defend against the charges. *Warnock v. Warden, FCI Ray Brook*, No. 22-10771, 2023 WL 3620868, at *2 (11th Cir. May 24, 2023) (citing *Dean-Mitchell v. Reese*, 837 F.3d 1107, 1113 n.5 (11th Cir. 2016)).

Further, a decision comports with the requirements of procedural due process when there is "some evidence" to support it. *Hill*, 472 U.S. at 454. The scope of this court's review of prison disciplinary actions is limited. *Id.* at 455–56. It does not require an examination of the entire record or reweighing the evidence. *Id.* "The clear

implication of *Hill* is that courts are not to conduct exhaustive reviews of the findings of prison disciplinary panels." *O'Bryant v. Finch*, 637 F.3d 1207, 1214 (11th Cir. 2011). Neither "a disciplinary board's factual findings [n]or [its] decisions with respect to appropriate punishment are subject to second[] guessing upon review." *Hill*, 472 U.S. at 455. The relevant question is whether "any evidence" supports the conclusion reached by the prison officials. *Id.*

**ANALYSIS**

Petitioner asserts multiple challenges to his disciplinary proceedings. (*See* Dkt. 1, 8.) Petitioner vaguely alleges that prison officials violated "search procedures" and "entered [his] cell without following the required protocols" without explaining what procedures and protocols were not followed. (Dkt. 1 at 6, 9.) Similarly, throughout the petition, Petitioner vaguely contends that: there were "multiple violations of [Bureau of Prisons'] policy," prison officials "violated multiple rules of procedure[,]" and prison officials failed to "adhere to the rules of procedure and follow policy guidelines codified in law[.]" (*Id.* at 2, 6, 9.) Petitioner cites only two specific policies/procedures that were allegedly violated. (Dkt. 1 at 10–11; Dkt. 8 at 2–3.) First, prison officials allegedly violated 28 C.F.R. § 541.5(a) when they failed to deliver the incident report to Petitioner within 24 hours of the incident,[1] and second, prison

[1] Respondent contends that the incident report was delivered to Petitioner on the day the incident occurred, October 3, 2023. (Dkt. 7 at 9.) Respondent submits an incident report that is date stamped and electronically signed by a prison official who claims to have delivered the incident report to Petitioner on October 3, 2023. (Dkt. 7-1 at 7.) Petitioner submits a copy of the incident report that does not include a date stamp. (Dkt. 1 at 25.) Petitioner claims that the incident report was delivered to him after October 3, 2023, and prison officials falsified the date stamp to create the illusion that they complied with prison policy requiring delivery within 24 hours. (Dkt. 1 at 10–11; Dkt. 8 at 2.)

officials allegedly violated 28 C.F.R. § 541.7(h) when they failed to deliver a copy of the UDC report to Petitioner. (*Id.*)

First, 28 C.F.R. § 541.5(a) provides that an inmate "will *ordinarily receive* the incident report within 24 hours of staff becoming aware of [their] involvement in the incident." (emphasis added). The clear language of § 541.5(a) does not mandate that an inmate receive an incident report within 24 hours, but rather, provides a general time frame. *See id.*; *Grant v. Warden, FCC Coleman - Low*, No. 5:24-cv-290-JLB-PRL, 2025 WL 3022240, at *2 (M.D. Fla. Oct. 29, 2025) (Section 541.5(a) does not require "that an inmate receive the incident report within 24 hours." (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)); *McFadden v. Neely*, No. 7:23-cv-218-CLM-HNJ, 2023 WL 10369257, at *7 (N.D. Ala. Dec. 11, 2023), *report and recommendation adopted*, 2024 WL 841188 (N.D. Ala. Feb. 28, 2024) ("[T]he BOP did not violate 28 C.F.R. § 541.5(a) when it failed to serve McFadden with the incident report within 24 hours of staff becoming aware of her involvement in the incident.").

Second, 28 C.F.R. § 541.7(h) provides that an inmate "will receive a written copy of the UDC's decision following its review of the incident report." Here, the UDC did not make a decision, but rather, referred the matter to the DHO for findings. (Dkt. 7-1 at 8–9.) Thus, there was no written copy of the UDC's decision to provide

---

Respondent explains that Petitioner's copy of the incident report does not have a delivery date because the official who brought him the report gave him a paper copy and then electronically signed and dated the incident report in a computer system. (Dkt. 7 at 9.) Even if Petitioner is correct that prison officials failed to deliver the incident report within 24 hours of the incident, that does not amount to a due process violation.

to Petitioner. *See, e.g.*, *Leigh v. Rathman*, No. 1:10-cv-2762-JHE-RBP, 2013 WL 6330925, at *7 (N.D. Ala. Dec. 5, 2013) (rejecting petitioner's argument that his due process right was violated when "he was not provided with a copy of the UDC findings[]" because "the undisputed facts establish that the UDC did not make any findings, instead referring the matter to the DHO for further proceedings[]"). Therefore, neither § 541.5(a) nor § 541.7(h) was violated.

In addition, failure to comply with an internal regulation does not amount to a due process violation. *Grant*, 2025 WL 3022240, at *2; *McFadden*, 2023 WL 10369257, at *7 ("infringements of agency rules, regulations or procedures do not, without more, amount to constitutional violations[]" (citations omitted)); *Oliva v. Warden, Miami Low-FCI*, No. 23-22789-Scola, 2023 WL 8185911, at *3 (S.D. Fla. Nov. 22, 2023) (quoting *Le v. Augustine*, No. 5:12-cv-377-LAC-EMT, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013)); *Valle-Agront v. Eng.*, No. 5:15-cv-261-MMP-EMT, 2016 WL 2641781, at *4 (N.D. Fla. Mar. 22, 2016), *report and recommendation adopted sub nom. Valle-Agront v. N C Eng.*, 2016 WL 2643011 (N.D. Fla. May 9, 2016) (citation omitted); *Arguello v. Eng.*, No. 5:15-cv-145-LAC-EMT, 2016 WL 1580269, at *5 (N.D. Fla. Mar. 18, 2016), *report and recommendation adopted*, 2016 WL 1574087 (N.D. Fla. Apr. 18, 2016) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)); *Pinson v. Rathman*, No. 1:10-cv-02477-IPJ, 2013 WL 4482408, at *5 (N.D. Ala. Aug. 20, 2013) ("As long as [*Wolff*'s] elements are met, it is irrelevant whether prison regulations have been adhered to by prison officials. Even if respondent failed to provide petitioner with the UDC report within

three days per BOP policy, 'a violation of a prison regulation without more does not state a constitutional violation.'" (citation omitted)); *see also Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (stating that prison regulations are "primarily designed to guide correctional officers in the administration of a prison[,]" "not [] to confer rights upon inmates").

Moreover, the fact that Petitioner did not receive the incident report within 24 hours of the incident does not violate *Wolff*. *Wolff* requires that an inmate receive written notice of the disciplinary charge against them at least 24 hours *before a hearing*, not within 24 hours of the incident.[2] *See Hill*, 472 U.S. at 454. Petitioner admits that he received a copy of the incident report. (Dkt. 8 at 2.) Notably, Petitioner fails to allege that he did not receive the incident report, or another form of written notice of the charges against him, at least 24 hours before the October 13, 2023 DHO hearing. (Dkt. 1 at 10; Dkt. 8 at 2.) In addition, Petitioner signed forms on October 9, 2023, four days before the DHO hearing, indicating that he was advised of the charges against him and understood he had the right to a written copy of the charges at least 24 hours before the DHO hearing. (Dkt. 7-1 at 11, 13.) Neither the UDC nor the DHO reports contain any indication that Petitioner complained about not receiving notice of the charges. (*Id.* at 8–9, 15–18.)

[2] Although the incident report is not itself required by *Wolff*, prison officials typically meet *Wolff*'s notice requirement by providing an incident report because it includes (1) the disciplinary charges, (2) the date of the alleged offense, and (3) a summary of facts necessary to defend against the charges. *See Warnock*, 2023 WL 3620868, at *2 (citing *Dean-Mitchell*, 837 F.3d at 1113 n.5).

Because Petitioner does not contend that he was denied written notice of the charges against him within 24 hours of the DHO hearing, his due process right was not violated by the Respondent's alleged failure to deliver the incident report within 24 hours of the incident. *See McFadden*, 2023 WL 10369257, at *7 (prison officials did not violate petitioner's due process right when they delivered an incident report 18 months after an incident, but 27 days before a DHO hearing, because "*Wolff* requires only that a prisoner receive at least 24-hour advance notice of a disciplinary proceeding"); *Eng.*, 2016 WL 2641781, at *5 ("it is undisputed that [p]etitioner received notice of the charge and notice of the DHO hearing at least 24 hours prior to the DHO hearing, which is all that is required to satisfy due process concerns[]"); *Arguello*, 2016 WL 1580269, at *6 ("Petitioner received notice of the charge and notice of the DHO hearing at least 24 hours prior to the DHO hearing, which is all that is required to satisfy due process concerns.").

The failure to deliver the UDC report, similarly, does not violate *Wolff* because all of *Wolff*'s requirements were satisfied in other ways. *Wolff*'s notice requirement was satisfied by the incident report. (Dkt. 1 at 25; Dkt. 7-1 at 7.) The satisfaction of *Wolff*'s "opportunity to call witnesses and present evidence" requirement is demonstrated by the October 9, 2023 notices that Petitioner signed. (Dkt. 7-1 at 11, 13.) *Wolff*'s final requirement, that Petitioner receive a written explanation of the evidence and reasoning supporting the disciplinary action, is satisfied by the October 20, 2023 delivery of the DHO report. (Dkt. 1 at 21–24; Dkt. 7-1 at 15–18.) Accordingly, Petitioner has not met his burden of demonstrating the violation of his due process

rights under *Wolff*. *See Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) ("It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation."); *accord Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (Petitions for habeas relief are subject "to 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a).").

Petitioner further contends, vaguely, that prison officials "manufactured evidence" and "misrepresented findings," and that "the facts of the search and claim of the contraband found [are] at odds with the record[,]" without further elaboration. (Dkt. 1 at 6, 9–10.) Petitioner also contests the veracity of the allegation against him in the incident report. (*Id.* at 11.) Relatedly, Petitioner claims there was no documentary evidence to support the DHO's finding. (*Id.* at 11–12.) This court is not permitted to reweigh the evidence or review the DHO's factual findings and credibility determinations. *See Hill*, 472 U.S. at 455–56; *O'Bryant*, 637 F.3d at 1214. The DHO's decision need only be supported by "some evidence." *Id.* at 454. Petitioner admitted to multiple prison officials that the cell phone belonged to him. (Dkt. 7-1 at 8, 15, 17.) Petitioner's admission is "some evidence" to support the DHO's finding. Notwithstanding Petitioner's admission, a prison official personally saw him with the cell phone which, alone, is "some evidence" to support the DHO's decision. *See Hill*, 472 U.S. at 456 (A prison guard's testimony and written report that he "heard some commotion[,]" "discovered an inmate who evidently had just been assaulted[,]" and saw the petitioners fleeing down a hallway, "was sufficient to meet the requirements

imposed by the Due Process Clause."); *Grant*, 2025 WL 3022240, at *3 (a "staff member's account of the incident as presented in the body of the incident report and the photograph of the contraband[]" was sufficient); *Eng.*, 2016 WL 2641781, at *6 (a photograph and a lieutenant's "statement[] in his report were alone sufficient under *Hill* to support . . . [the] disciplinary decision, without even considering the other evidence tying [p]etitioner to the violation[]").

Petitioner argues that evidence was withheld from him because he never received a chain of custody form for the cell phone that was confiscated from him. (Dkt. 1 at 11–12.) There is no indication in the record that a chain of custody form exists. (*See* Dkt. 7-1.) The DHO report notes that the DHO relied on Petitioner's confession, the prison official's testimony and report that he saw Petitioner with a cell phone, and the photograph of the cell phone when making his determination. (*Id.* at 16–17.) Accordingly, no chain of custody form was withheld from Petitioner.

Finally, Petitioner argues that the presence of a case manager at his DHO hearing violated his due process right because she "interjected with her opinion" "tainting the hearing" by influencing the DHO's decision. (Dkt. 1 at 12.) "[A] prison hearing board must be 'sufficiently impartial to satisfy the Due Process Clause.'" *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1350 (11th Cir. 2016) (*Wolff*, 418 U.S. at 571). Petitioner does not allege that the biased case manager was a member of the hearing board. (Dkt. 1 at 12.) In addition, Petitioner does not allege in what way the case manager influenced the DHO's decision or allege facts from which the court could conclude that the DHO's decision was influenced. (*Id.*) Further, Petitioner does not

allege that the DHO was not otherwise impartial. (*Id.*) It is unclear how the presence of a prison official can "taint" the neutral factfinder against a Petitioner who admits to committing the infraction and does not present any evidence to support his position. Accordingly, Petitioner is not entitled to relief on this basis. *See Hydar v. Garrett*, No. 7:21-cv-1488-LSC-GMB, 2022 WL 18359380, at *2 (N.D. Ala. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 258355 (N.D. Ala. Jan. 18, 2023); *Williams v. Bradley*, No. 2:17-cv-1715-AKK-SGC, 2020 WL 7040563, at *6 (N.D. Ala. Nov. 5, 2020), *report and recommendation adopted*, 2020 WL 7033950 (N.D. Ala. Nov. 30, 2020) ("the DHO's credibility determination is not evidence of bias[]").

Because all of *Wolff*'s requirements were met, some evidence supports the DHO's decision, and Petitioner is not otherwise entitled to relief, the petition (Dkt. 1) is **DENIED**.

## CONCLUSION

Accordingly:

1. The petition (Dkt. 1) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.
2. Petitioner is **DENIED** a certificate of appealability because he does not show that reasonable jurists would debate the claim's merit or the procedural issue he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk is **DIRECTED** to enter judgment accordingly and to close this case.

**ORDERED** in Orlando, Florida, on October 26, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
Counsel of Record